UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

BUHENDWA BAGULA DESIRE, and
KALIMIRA NABINTU GHYSLAINE,

        Plaintiffs,

v.                                    **DECISION AND ORDER**
                                           13-CV-1174S

DEPARTMENT OF HOMELAND SECURITY,
U.S. CITIZENSHIP AND IMMIGRATION SERVICE,

        Defendant,

---

    1.    Plaintiffs, a husband and wife, commenced this action *pro se* under 8 U.S.C. § 1447(b). They allege that their respective applications for naturalization have been pending for more than 120 days, and they request this Court to intervene. Defendant does not dispute that the applications have been pending for over 120 days, but moves to remand this matter to United States Citizenship and Immigration Services (USCIS).

For the following reasons, that motion is granted.

    2.    Section 1447(b) of Title 8 of the United States Code provides:

> If there is a failure to make a [naturalization] determination under section 1446 of this title before the end of the 120–day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

    3.    Accordingly, this Court has discretion to either decide the naturalization applications or remand the matter to USCIS. Here, this Court finds that the latter option is most prudent.

4.	Defendant represents, through a sworn affidavit, that it drafted and issued a decision regarding Plaintiff Buhendwa's application. The decision, sent by certified mail, was, however, returned in December 2013 as "unclaimed," and "unable to forward."

5.	Defendant further represents that, if the case is remanded, it "expects[]" it will issue a decision for Plaintiff Kalimira within 10 days of remand.

Defendant also represents that there is an outstanding request for additional information that Plaintiff Kalimira has allegedly not responded to.

6.	This Court is sympathetic to the concerns of Plaintiffs in ensuring that their applications are decided in a timely manner. Indeed, their applications have been pending for some time. But, based on the representations outlined above, this Court finds that remand – *with appropriate instructions* – is the most efficient course of action in this case. Accordingly:

IT HEREBY IS ORDERED, Defendant's motion to remand (Docket No. 7) is GRANTED and that this matter is REMANDED to United States Citizenship and Immigration Services for proceedings consistent with this Order.

FURTHER, United States Citizenship and Immigration Services shall (1) conduct a plenary review of both Plaintiffs' application materials, (2) request and make all reasonable efforts to gather whatever information is needed to make full and fair decisions, and (3) issue and deliver full and fair decisions in both Plaintiffs' cases, all within 21 days of the date of this Order.

FURTHER, United States Citizenship and Immigration Services shall take whatever steps are necessary to ensure not only that the decisions are issued, but that those decisions are effectively delivered to Plaintiffs within 21 days of the date of this Order.

FURTHER, within 21 days of the date of this Order, United States Citizenship and Immigration Services shall confirm that Plaintiffs have received their decisions.

SO ORDERED.

Dated: May 4, 2014
       Buffalo, New York

                                                    /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                                     Chief Judge
                                        United States District Court